UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES D. COPELAND, | ) CASE NO. 5:13 CV 0912 |
| Plaintiffs, | ) JUDGE JOHN R. ADAMS |
| v. | ) ORDER |
| AMERICAN POSTAL WORKERS ACCIDENT BENEFIT ASSOCIATION, et al., | ) |
| Defendants. | |

This matter is before the Court on Defendant American Postal Workers Accident Benefit Association's ("Defendant") Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment (Doc. 33). Plaintiff Charles D. Copeland ("Plaintiff") responded in opposition to the motion (Doc. 42).

**I.  Standard of Review**

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v.*

> *Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II. Facts

For the purpose of analyzing Defendant's motions, the Court accepts as true the following facts:

Plaintiff previously worked for the United States Postal Service for over 30 years. During his employment, Plaintiff entered into an insurance agreement for medical and disability

coverage. On several occasions, Plaintiff suffered injuries at work. These injuries included lower back strain, chest strain, strained leg, neck injuries and eye injuries.  Additional, throughout his employment, Plaintiff suffered numerous stress related injuries. Specifically, Plaintiff reported his stress related injuries to the insurance company on an array of dates ranging from the mid-1970s to 2010. Each of Plaintiff's stress related injury claims was denied by the company.

Eventually, Plaintiff's injuries required him to retire from the USPO. Plaintiff filed for disability retirement and requested Defendant to pay him under the agreement.  Without conducting an in-person physical exam of Plaintiff, Defendant denied him disability under the insurance agreement.

### III.  Procedural History

Following Defendant's denial of his benefits, Plaintiff filed a *pro se* Complaint in the Stark County Court of Common Pleas alleging that Defendant breached the insurance agreement by refusing to pay the benefits to him.  Defendant removed the matter to this Court on April 23, 2013.  On August 22, 2013, Defendant moved for judgment on the pleadings, asserting that Plaintiff's claims were preempted and that he had failed to exhaust his administrative remedies.  Copeland responded in opposition on October 1, 2013, appearing to assert that Defendant had committed fraud and that the motion was untimely.  The Court now resolves the motion.

### IV.  Law and Analysis

Initially, the Court would note that Defendant is correct that Plaintiff's claims, as pled, are preempted by ERISA.  The Sixth Circuit has "long interpreted ERISA as broadly preempting most state law claims that relate to an employee-benefit plan, particularly where - as here - those claims explicitly refer to such a plan."  *Werner v. Primax Recoveries, Inc.*, 2010 WL 565447, at

*2 (6th Cir. Feb. 19, 2010) (citing and quoting *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1401 (6th Cir. 1995)).

> It is also well-established that such state law tort claims are preempted by the Act. *See Pilot Life Ins. Co.*, 481 U.S. at 57 (state law bad-faith claim preempted); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995) (finding state-law claims for wrongful death, improper denial of benefits, medical malpractice, and insurance bad faith were preempted because defendants "were determining what benefits were available to [plaintiff] under the plan"); *Cromwell*, 944 F.2d at 1276 (holding state-law claims of promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith based on denial of benefits "are at the very heart of issues within the scope of ERISA's exclusive regulation").

*Ramsey v. Formica Corp.*, 398 F.3d 421, 425 (6th Cir. 2005).

While recognizing that the above law would preempt Plaintiff's claims as they are currently pled, the Court is also cognizant of the fact that the matter was removed here from state court. Accordingly, the Court would ordinarily simply order Plaintiff to amend his complaint to assert ERISA claims, rather than state law claims. However, because the ERISA claims would also be futile, the Court declines to order an amendment. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (noting that a Court may deny leave to amend if the amendment would be futile).

The Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). "This is the law in most circuits despite the fact that ERISA does not explicitly command exhaustion." *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000). *See also Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 n. 4 (6th Cir. 1998) (citing cases that have read an exhaustion of administrative remedies requirement into the statute). The exhaustion requirement "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries'

actions." *Ravencraft*, 212 F.3d at 343 (quoting *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989)).

The Court would note that both parties acknowledge that this matter is dependent upon the written agreement between the parties.  Accordingly, the Court may properly consider that agreement in resolving the motion for judgment on the pleadings.  The agreement requires Plaintiff to first appeal his denial to the National Director, an action that Copeland successfully completed.  The plan then requires a "Second Appeal to the Committee" which is the Committee on Claims of the Board of Directors.  Doc. 33-3 at 9.  Copeland did not take this appeal.  Moreover, in his response, Copeland makes no argument that he in fact exhausted his administrative remedies or that it would have been futile for him to attempt to do so.

Instead, Copeland makes numerous arguments about Defendant being in default, committing perjury, and failing to properly pay him benefits.  None of these arguments are responsive to the legal issues raised by Defendant in its motion for judgment on the pleadings.  While the Court is cognizant of Copeland's pro se status, such status does not provide a basis to excuse him from the requirement that he exhaust his administrative remedies.  Accordingly, the motion for judgment on the pleadings is GRANTED and the complaint is hereby DISMISSED.

The Court would also note that Copeland has filed numerous other motions that remain pending at this time: 1) "motion to strike filing of defendant based upon perjury by their witness and exhibits of contract" (Doc. 34), 2) "Motion to strike filing of defendants due to fraud and issue of res judicata" (Doc. 36),  3) "motion to strike all filings of defendant based upon default" (Doc. 41), 4) "Motion to strike pleading of defendant due to Fed R 11 and Fed R 55 Default (Doc. 46), 5) "Request to clerk of courts to place cause on trial cause calander"  (Doc. 48), 6) "request for mandatory amount as required for restitution based on default (Doc. 50), and 7)

"Motion to remand due to lack of venue" (Doc. 51) (sic throughout). These motions are DENIED. While Copeland appears to contend throughout that there have misstatements made by Defendants, the ERISA agreement is clear and it demonstrates beyond dispute that Copeland has failed to exhaust his administrative remedies.

V. Conclusion

Defendant's motion for judgment on the pleadings is GRANTED. All other pending motions are DENIED. This matter is hereby DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 March 19, 2014                                                 /s/ Judge John R. Adams
Date                                                      JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT COURT